UNITED STATES DISTRICT COURT
NOTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LABORERS' PENSION FUND and LABORERS' WELFARE FUND OF THE HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, and JAMES S. JORGENSEN, Administrator of the Funds,<br><br>Plaintiffs,<br><br>v.<br><br>GFS FENCE, GUARDRAIL, & SIGNAGE, INC., an Illinois Corporation, BUILDERS CHICAGO CORPORATION, an Illinois corporation, and CHICAGO COMMERCIAL CONTRACTORS, LLC, an Illinois corporation,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>) No. 08 CV 02514<br>)<br>)<br>)<br>) JUDGE SUZANNE B. CONLON<br>)<br>)<br>)<br>) MAGISTRATE JUDGE MASON<br>)<br>)<br>)<br>)<br>) |

**ANSWER OF DEFENDANTS GFS FENCE, GUARDRAIL,
& SIGNAGE, INC., BUILDERS CHICAGO CORPORATION AND
<u>CHICAGO COMMERCIAL CONTRACTORS, LLC TO COMPLAINT</u>**

NOW COME Defendants GFS Fence, Guardrail & Signage, Inc. ("GFS"), Builders Chicago Corporation ("Builders") and Chicago Commercial Contractors, LLC ("CCC") and, through their attorneys, answer the Complaint of Plaintiffs Laborers' Pension Fund, Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity, and James S. Jorgensen as follows:

<u>**COUNT I**</u>

1.      Jurisdiction is based on Sections 502(e)(1) and (2) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132(e)(1) and (2) and 1145, Section 310(a) of the Labor Management Relations Act ("LMRA") of 1947 as amended, 29 U.S.C. §185(a), Federal Common Law, and 28 U.S.C. §1331.

**ANSWER**: The allegations contained in paragraph 1 are legal conclusions, and therefore require no answer.

2.   Venue is proper pursuant to Section 502(e)(2) of ERISA, 29 U.S.C., §1132(e)(2), and 28 U.S.C. §1391 (a) and (b).

**ANSWER**: The allegations contained in paragraph 2 are legal conclusions, and therefore require no answer.

3.   The Funds are multiemployer benefit plans within the meaning of Sections 3(3) and 3(37) of ERISA. 29 U.S.C. §1002(3) and 37(A). They are established and maintained pursuant to their respective Agreements and Declarations of Trust in accordance with Section 302(c)(5) of the LMRA. 29 U.S.C. §186(c)(5). The Funds have offices and conduct business within this District.

**ANSWER**: Defendants admit that the Funds have offices and conduct business within the Northern District of Illinois. The remaining allegations contained in paragraph 3 are legal conclusions, and therefore require no answer.

4.   Plaintiff James S. Jorgensen ("Jorgensen") is the Administrator of the Funds, and has been duly authorized by the Funds' Trustees to act on behalf of the Funds in collection of employer contributions owed to the Funds and to the Construction and General District Council of Chicago and Vicinity Training Fund, and with respect to the collection by the Funds of amounts which have been or are required to be withheld from the wages of employees in payment of Union dues for transmittal to the Construction and General Laborers' District Council of Chicago and Vicinity (the "Union"). With respect to such matters, Jorgensen is a fiduciary of the Funds within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A).

**ANSWER**: The allegations in the last sentence of paragraph 4 are legal conclusions, and therefore require no answer. Defendants admit the remaining allegations in paragraph 4.

5.   Defendant GFS Fence, Guardrail, & Signage, Inc., is an Illinois Corporation ("GFS"). GFS does business within this district and was at all times relevant herein an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5), and Section 301(a) of the LMRA, 29 U.S.C. §185(c).

**ANSWER**: Defendants admit that GFS is an Illinois Corporation which does business within the Northern District of Illinois. The remainder of the allegations in paragraph 5 are legal conclusions, and therefore require no answer. Defendants also state that GFS as a defendant in this

action does not include, refer to or incorporate the separate and distinct entity GF Structures Corporation.

6. The Construction and General Laborers' District Council of Chicago and Vicinity ("Union") is a labor organization within the meaning of 29 U.S.C. §185(a). The Union and GFS have been parties to successive collective bargaining agreements, the most recent of which became effective June 1, 2006. ("Agreement"). (A copy of the "short form" Agreement entered into between the Union and GFS which Agreement adopts and incorporates a Master Agreement between the Union and various employer associations, and also binds GFS to the Funds' respective Agreements and Declarations of Trust, is attached hereto as Exhibit A.)

**ANSWER:** Defendants admit that GFS executed the document attached to Plaintiffs' Complaint as Exhibit A, and further state that said document speaks for itself and is the best evidence of its contents. The remaining allegations contained in paragraph 6 are legal conclusions, and therefore require no answer.

7. Defendant Builders Chicago Corporation is an Illinois Corporation ("Builders Chicago"). Builders Chicago does business within this district and was at all times relevant herein an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5), and Section 301(a) of the LMRA, 29 U.S.C. §185(c).

**ANSWER:** Defendants admit that Builders is an Illinois Corporation which does business within the Northern District of Illinois. The remainder of the allegations in paragraph 7 are legal conclusions, and therefore require no answer.

8. The Union and Builders Chicago have been parties to successive collective bargaining agreements, the most recent of which became effective June 1, 2006. ("Agreement"). (A copy of the "short form" Agreement entered into between the Union and Builders Chicago which Agreement adopts and incorporates a Master Agreement between the Union and various employer associations, and also binds Builders Chicago to the Funds' respective Agreement and Declarations of Trust, is attached hereto as Exhibit B.)

**ANSWER:** Defendants admit that Builders executed the document attached to Plaintiffs' Complaint as Exhibit B, and further state that said document speaks for itself and is the best evidence of its contents. The remaining allegations contained in paragraph 8 are legal conclusions, and therefore require no answer.

9.  Defendant Chicago Commercial Contractors, LLC, is an Illinois corporation ("CCC"). CCC does business within this District and was at all times relevant herein as employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5), and Section 301(a) of the LMRA, 29 U.S.C. §185(c).

**ANSWER**: Defendants admit that CCC is an Illinois Corporation which does business within the Northern District of Illinois. The remainder of the allegations in paragraph 9 are legal conclusions, and therefore require no answer.

10.  The Funds have been duly authorized by the Construction and General Laborers' District Counsel of Chicago and Vicinity Training Fund (the "Training Fund"), the Midwest Construction Industry Advancement Fund ("MCIAF"), the Chicagoland Construction Safety Council (the "Safety Fund"), the Laborers' Employers' Cooperation and Education Fund ("LECET"), the Concrete Contractors' Association of Greater Chicago ("CCA"), the CDCNI/CAWCC Contractors' Industry Advancement Fund (the "Wall & Ceiling Fund"), the CISCO Uniform Drug/Alcohol Abuse Program ("CISCO"), the Laborers' District Council Labor Management Committee Cooperative ("LCDMC"), the CARCO Industry Advancement Fund ("CARCO"), and the Illinois Small Pavers' Association ("ISPA") to act as an agent in the collection of contributions due to those funds.

**ANSWER**: The allegations contained in paragraph 10 are legal conclusions, and therefore require no answer.

11.  The Agreement and the Funds' respective Agreements and Declarations of Trust obligate GFS and Builders Chicago to make contributions on behalf of its employees covered by the Agreement for pension benefits, health and welfare benefits, for the training fund and to submit monthly remittance reports in which GFS and Builders Chicago, inter alia, identify the employees covered under the Agreement and the amount of contributions to be remitted to the Funds on behalf of each covered employee. Pursuant to the terms of the Agreement and the Funds' respective Agreements and Declarations of Trust, contributions which are not submitted in a timely fashion are assessed 20 percent liquidated damages plus interest.

**ANSWER**: Defendants state that the Agreements speak for themselves and are the best evidence of their contents. The remaining allegations contained in paragraph 11 are legal conclusions, and therefore require no answer.

12.  The Agreement and the Funds' respective Agreements and Declarations of Trust require GFS and Builders Chicago to submit their books and records to the Funds on demand for an audit to determine benefit contribution compliance.

**ANSWER**: Defendants state that the Agreements speak for themselves and are the best evidence of their contents. The remaining allegations contained in paragraph 12 are legal conclusions, and therefore require no answer.

13. The Agreement obligates GFS and Builders Chicago to obtain and maintain surety bonds to insure future wages, pension and welfare contributions.

**ANSWER**: Defendants state that any Agreement referenced in paragraph 13 speaks for itself and is the best evidence of its contents. The remaining allegations contained in paragraph 13 are legal conclusions, and therefore require no answer.

14. Notwithstanding its obligations under the terms of the Agreement and the Funds respective Agreements and Declarations of Trust, GFS has failed to submit its books and records to a requested audit for the period of November 7, 2005 forward and has failed to obtain and maintain a bond in accordance with the collective bargaining agreement.

**ANSWER**: Defendants deny that GFS failed to take the actions alleged in paragraph 14. The remaining allegations contained in paragraph 14 are legal conclusions, and therefore require no answer.

15. GFS' actions in failing to submit to an audit and obtain and maintain a bond violate Section 515 of ERISA, 29 U.S.C. §1415, and Section 301 of the LMRA. 29 U.S.C. §185, and federal common law interpreting ERISA, 29 U.S. C. §1132(g)(2)>

**ANSWER**: Defendants deny that GFS failed to take the actions alleged in paragraph 15. The remaining allegations contained in paragraph 15 are legal conclusions, and therefore require no answer.

16. Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), Section 301 of LMRA, 29 U.S.C. §185, Federal Common Law, and the terms of the Agreement and the Funds' respective Trust Agreements, GFS is liable to the Funds for any unpaid contributions revealed as due owing pursuant to the audit, as well as interest and liquidated damages on unpaid contributions, audit costs, reasonable attorneys' fees and costs, and such other legal and equitable relief as the Court deems appropriate.

**ANSWER**: Defendants deny that GFS is liable to the Funds as alleged in paragraph 16. Furthermore, the allegations contained in paragraph 16 are legal conclusions, and therefore require no answer.

## COUNT II

17.     Plaintiffs reallege paragraphs 1 through 16 of Count I.

**ANSWER:**     Defendants incorporate their Answers to paragraphs 1 through 16 as their Answer to paragraph 17.

18.     Pursuant to agreement, the Funds have been duly designated to serve as a collection agent for the Union in that the Funds have been given the authority to collect from employers union dues which have been deducted from the wages of covered employees. Dues which are not submitted in a timely fashion are assessed 10 percent liquidated damages.

**ANSWER:** Defendants state that any Agreement referenced in paragraph 18 speaks for itself and is the best evidence of its contents. Furthermore, the allegations in paragraph 18 are legal conclusions, and therefore require no answer.

19.     Notwithstanding the obligations imposed by the Agreement, GFS failed to timely pay dues for the month of January 2008. As a result, GFS owes $47.73 in late fees for the month of January 2008.

**ANSWER:** Defendants deny the allegations in paragraph 19.

20.     Pursuant to the Agreement, GFS is liable to the Funds for the 10% liquidated damages, as well as reasonable attorneys' fees, as the Union's collection agent, and costs, and such other legal and equitable relief as the Court deems appropriate.

**ANSWER:** Defendants deny that GFS is liable to the Funds as alleged in paragraph 20. Furthermore, the allegations contained in paragraph 20 are legal conclusions, and therefore require no answer.

## COUNT III

21.     Plaintiffs reallege paragraphs 1 through 16 of Count I and paragraphs 17 through 20 of Count II.

**ANSWER:** Defendants incorporate their Answers to paragraphs 1 through 20 as their Answer to paragraph 21.

22.     Notwithstanding the obligations imposed by the Agreement and the Funds' respective Agreements and Declarations of Trust, Builders Chicago has:

(a) failed to report and/or pay contributions owed to Plaintiff Laborers' Pension Fund from January 2006 forward, thereby depriving the Laborers' Pension Fund of contributions, income and information needed to administer the Fund and jeopardizing the pension benefits of the participants and beneficiaries;

(b) failed to report and/or pay all contributions owed to Plaintiff Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity from January 2006 forward, thereby depriving the Welfare Fund of contributions, income and information needed to administer the Fund and jeopardizing the health and welfare benefits of the participants and beneficiaries;

(c) failed to report and/or pay all contributions owed to Laborers' Training Fund from January 2006 forward, thereby depriving the Laborers' Training Fund of contributions, income and information needed to administer the Fund and jeopardizing the training fund benefits of the participants and beneficiaries;

(d) failed to report and/or pay all contributions owed to one or more of the other affiliated funds identified above from January 2006 forward, thereby depriving said fund(s) of contributions, income and information needed to administer said fund(s) and jeopardizing the benefits of the participants and beneficiaries;

(e) failed to submit Builders Chicago books and records to a requested audit; and

(f) failed to obtain and maintain a surety bond.

**ANSWER:** Defendants deny that Builders failed to take the actions alleged in paragraph 22. The remaining allegations contained in paragraph 22 are legal conclusions, and therefore require no answer.

23. Builders Chicago's actions in failing to make timely reports and contributions, submit to an audit, and failing to obtain and maintain a surety bond violate Section 515 of ERISA, 29 U.S.C. §1145, and Section 301 of the LMRA. 29 U.S.C. §185.

**ANSWER:** Defendants deny that Builders failed to take the actions alleged in paragraph 23. The remaining allegations contained in paragraph 23 are legal conclusions, and therefore require no answer.

24. Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), Section 301 of the LMRA, 29 U.S.C. §185, Federal Common Law, and the terms of the Agreement and the Funds' Respective Trust Agreements, Builders is liable for unpaid contributions, as well as interest and liquidated damages on the unpaid and late contributions, amounts due and owing pursuant to the audit, reasonable attorneys' fees and costs, and such other legal and equitable relief as the Court deems appropriate.

**ANSWER**: Defendants deny that Builders is liable to the Funds as alleged in paragraph 24. Furthermore, the allegations contained in paragraph 24 are legal conclusions, and therefore require no answer.

## COUNT IV

25. Plaintiffs reallege paragraphs 1 through 16 of Count I, paragraphs 17 through 20 of Count II, and paragraphs 21 through 24 of Count III.

**ANSWER**: Defendants incorporate their Answers to paragraphs 1 through 24 as their Answer to paragraph 25.

26. Pursuant to agreement, the Funds have been duly designated to serve as a collection agent for the Union in that the Funds have been given the authority to collect from employers union dues which have been deducted from the wages of covered employees. Dues which are not submitted in a timely fashion are assessed 10 percent liquidated damages.

**ANSWER**: Defendants state that any Agreement referenced in paragraph 26 speaks for itself and is the best evidence of its contents. Furthermore, the allegations in paragraph 26 are legal conclusions, and therefore require no answer.

27. Notwithstanding the obligations imposed by the Agreement, Builders Chicago has failed to withhold and/or report to and forward the union dues that were deducted or should have been deducted from the wages of its employees from January 2006 forward, thereby depriving the Union of income and information.

**ANSWER**: Defendants deny that Builders failed to take the actions alleged in paragraph 27. The remaining allegations contained in paragraph 27 are legal conclusions, and therefore require no answer.

28. Pursuant to the Agreement, Builders Chicago is liable to the Fund for the unpaid union dues, late fees, as well as reasonable attorneys' fees, as the Union's collection agent, and costs, and such other legal and equitable relief as the Court deems appropriate.

**ANSWER**: Defendants deny that Builders is liable to the Funds as alleged in paragraph 28. Furthermore, the allegations contained in paragraph 28 are legal conclusions, and therefore require no answer.

# COUNT V

29. Plaintiffs reallege paragraphs 1 through 16 of Count I, paragraphs 17 through 20 of Count II, paragraphs 21 through 24 of Count III, and paragraphs 25 through 28 of Count IV.

**ANSWER:** Defendants incorporate their Answers to paragraphs 1 through 28 as their Answer to paragraph 29.

30. CCC and GFS are successors to, alter ego of, and/or single employers with Builders Chicago. CCC and GFS used and use the same equipment used by Builders Chicago; used and use some of the same employees employed by Builders Chicago; performed and perform the same type of work performed by Builders Chicago; operate their business from the same location used by Builders Chicago; are managed by and/or have had their work supervised by the same personnel who managed and/or supervised the work performed by Builders Chicago.

**ANSWER:** Defendants deny the allegations in paragraph 30. Furthermore, the allegations that "CCC and GFS are successors to, alter ego of, and/or single employers with Builders Chicago" are legal conclusions, and therefore require no answer.

31. Richard C. Crandall, Jr. ("Crandall") is the President and/or Supervisor/Manager of Defendants GFS, Builders Chicago, and CCC.

**ANSWER:** Defendants admit that Crandall is President of GFS and Builders. Defendants deny the remaining allegations in paragraph 31.

32. Crandall directs, controls, and manipulates the activities of GFS, Builders Chicago, and CCC.

**ANSWER:** Defendants admit that Crandall has certain job duties and authority with respect to GFS, Builders and CCC. Defendants deny the remaining allegations in paragraph 32.

33. CCC's and GFS' activities and business operations are conducted in a complimentary method to further Builder Chicago's business activities.

**ANSWER:** Defendants deny the allegations in paragraph 33.

34. CCC has held themselves out as GFS and/or Builders Chicago to avoid union obligations.

**ANSWER:** Defendants deny the allegations in paragraph 34.

35.     As successors, alter egos, and/or single employers, CCC, GFS and Builders Chicago are jointly and severally liable for the debts of GFS and Builders Chicago to the Funds.

**ANSWER:**  Defendants deny the allegations in paragraph 35.  Furthermore, the allegations in paragraph 35 are legal conclusions, and therefore require no answer.

### AFFIRMATIVE AND/OR SEPARATE DEFENSES

1.  Defendants were justified in any actions they took or failed to take.

2.  Plaintiffs failed to take the actions required of them before bringing this lawsuit.

3.  Defendants specifically reserve the right to plead each and every defense set forth in Rules 8, 9 and 12 of the Federal Rules of Civil Procedure and further reserve the right to raise such additional defenses as may appear appropriate following further discovery and factual development of this case.

> **DEFENDANTS GFS FENCE, GUARDRAIL, & SIGNAGE, INC., BUILDERS CHICAGO CORPORATION AND CHICAGO COMMERCIAL CONTRACTORS, LLC**
>
> By:_____/s/ Sharon Ganger_____
> One of Defendants' Attorneys

June 26, 2008

Scott E. Gross, I.D.  6195624
Sharon Ganger, I.D. 6294252
Wildman, Harrold, Allen & Dixon, LLP
225 West Wacker Drive
Chicago, Illinois 60606
(312) 201-2000
Email:  sgross@wildman.com

## CERTIFICATE OF SERVICE

The undersigned certifies that on June 26, 2008, a copy of the foregoing was electronically filed with the Clerk of the Court for the Northern District of Illinois using the CM/ECF system which will send notification of such filing to the following:

Patrick T. Wallace<br>
Jerrod Olszewski<br>
Christina Katherine Krivanek<br>
Amy N. Carollo<br>
Charles Ingrassia<br>
Laborers' Pension and Welfare Funds<br>
Sub Office, 111 West Jackson Street<br>
Suite 1415<br>
Chicago, IL  60604

                                                  /s/ Sharon Ganger